FILED
JANUARY 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 295

JUDGE SHADUR
MAGISTRATE JUDGE ASHMAN

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPHINE ZAPALIK and SCOTT ZAPALIK, <br><br> Plaintiffs, <br><br> v. <br><br> BAUSCH & LOMB INCORPORATED, <br><br> Defendant. | ) ) ) ) ) ) ) No. ) ) ) ) ) |

## NOTICE OF REMOVAL OF DEFENDANT BAUSCH & LOMB, INC.

PLEASE TAKE NOTICE that defendant Bausch & Lomb, Inc. ("Bausch & Lomb"), through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and respectfully states:

1. This case is one of several lawsuits involving allegations of fungal keratitis infections among users of Bausch & Lomb's ReNu with MoistureLoc contact lens solution in the United States. An MDL proceeding was created on August 14, 2006 and Bausch & Lomb seeks transfer of this action to that multidistrict litigation, *MDL-1785 In Re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation.*

2. On or about December 7, 2007, Josephine Zapalik and Scott Zapalik, ("plaintiffs") commenced this action against Bausch & Lomb by filing a Complaint at Law ("Complaint" or "Compl.") in the Circuit Court of Cook County, County Department, Law Division bearing number 2007 L 013693.

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Bausch & Lomb has satisfied the procedural requirements for

removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

I. **BAUSCH & LOMB HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4. The Complaint was served on Bausch & Lomb on December 20, 2007. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. The Circuit Court of Cook County, County Department, Law Division is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summonses and petitions, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the Circuit Court of Cook County, County Department, Law Division.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

A. <u>Diversity Of Citizenship</u>

8. Upon information and belief, plaintiffs Josephine Zapalik and Scott Zapalik are residents of the State of Illinois. Plaintiffs have not alleged any alternative state of residence. Accordingly, upon information and belief, Illinois is the state in which plaintiffs are domiciled and, therefore, the state of which plaintiffs are citizens for purposes of determining diversity.

9. Bausch & Lomb is, and was at the time plaintiffs commenced this action, a corporation organized under the laws of the State of New York with its principal place of business at One Bausch & Lomb Place, Rochester, New York, and therefore, is a citizen of New York for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

10. Thus, the plaintiffs and defendant are diverse.

**B.    The Amount-In-Controversy Requirement Is Satisfied.**

11. Plaintiffs in this case allege that "Bausch & Lomb developed, tested, manufactured and sold certain bottles of the product "ReNu with MoistureLoc" to numerous health care professionals, pharmacies, retail outlets and other sources for ultimate sale and distribution to members of the general public in the County of Cook and State of Illinois" and that the solution known as "ReNu with MoistureLoc" had a propensity to cause severe and permanent injury to those persons using the product and the product was dangerous at the time it left the possession of the Defendant, Bausch & Lomb, Incorporated. (Compl. ¶¶ 2, 4, 5).

12. Plaintiffs allege three separate claims for relief: negligence (Count I and IV), breach of implied warranty (Count II and V) and strict liability (Count III and VI). Based on these allegations, plaintiffs seek several forms of relief, including actual damages in excess of $50,000 plus costs. (Compl., Counts I, II, III, IV, V and VI). However, given the description of the alleged injury and the nature of the relief sought, the amount in controversy by this litigation exceeds $75,000.

WHEREFORE, Defendant Bausch & Lomb respectfully removes this action from the Circuit Court of Cook County, County Department, Law Division, bearing number 07 L 013693 to this Court pursuant to 28 U.S.C. § 1441.

Dated this 14th day of January, 2008.

Respectfully submitted,

s/ Peter A. Tomaras
One of the Attorneys for Defendant

Peter A. Tomaras (No. 6180423)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
(312) 201-2000

Jon Strongman
Shook Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105
(816) 474-6550

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 14th day of January, 2008, a copy of the foregoing Notice of Removal of Defendant Bausch & Lomb, Inc. was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system and mailed, first-class, postage prepaid to counsel for the Plaintiff:

Scott L. Spiegel
Law Office of Daniel E. Goodman
1030 West Higgins, Suite 365
Park Ridge, IL 60068

By   s/ Peter A. Tomaras

4

## CT CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
12/20/2007
CT Log Number 512905048

TO: Robert B Stiles
Bausch & Lomb Incorporated
One Bausch & Lomb Place
Rochester, NY 14604-2701

RE: **Process Served in Illinois**

FOR: Bausch & Lomb Incorporated (Domestic State: NY)

RECEIVED
DEC 2 7 2007
Law Department

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Josephine Zapalik and Scott Zapalik, Pltfs. vs. Bausch & Lomb, Incoporated, Dft. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2007 L 013693 |
| NATURE OF ACTION: | Product Liability Litigation - Manufacturing Defect - ReNu contact lens solution with Moisture-Loc - Personal injuries |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/20/2007 at 09:30 |
| APPEARANCE OR ANSWER DUE: | Within 30 days, not counting the day of service |
| ATTORNEY(S) / SENDER(S): | Scott L. Spiegel<br>Law Office of Daniel E. Goodman<br>1030 West Higgins Road<br>Suite #365<br>Park Ridge, IL 60068<br>847-292-6000 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 798336572607<br>Fax Transmittal, Brian C Eckman 585-338-8706 |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT A

## CT CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
12/20/2007
CT Log Number 512905048

**TO:** Robert B Stiles
Bausch & Lomb Incorporated
One Bausch & Lomb Place
Rochester, NY 14604-2701

**RE:** **Process Served in Illinois**

**FOR:** Bausch & Lomb Incorporated (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Josephine Zapalik and Scott Zapalik, Pltfs. vs. Bausch & Lomb, Incoporated, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2007 L 013693 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - ReNu contact lens solution with Moisture-Loc - Personal injuries |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/20/2007 at 09:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Scott L. Spiegel<br>Law Office of Daniel E. Goodman<br>1030 West Higgins Road<br>Suite #365<br>Park Ridge, IL 60068<br>847-292-6000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798336572607<br>Fax Transmittal, Brian C Eckman 585-338-8706 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (            )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

Josephine Zapalik and Scott Zapalik

v.

Bausch & Lomb Incorporated

No. 2007L013693
CALENDAR/ROOM C
TIME 00:00
Product Liability

Please Serve:
Bausch & Lomb Incorporated
R/A: CT Corporation System
208 South LaSalle, Suite 814
Chicago, Illinois 60604

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 43629
Name: Law Office of Daniel E. Goodman
Atty. for: Plaintiff
Address: 1030 West Higgins, Suite 365
City/State/Zip: Park Ridge, Illinois 60068
Telephone: (847) 292-6000
Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, _____

DEC 7 2007
DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court
Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

Josephine Zapalik and Scott Zapalik

v.

Bausch & Lomb Incorporated

2007L013693
CALENDAR/ROOM C
TIME 00:00
Product Liability

No. _____

Please Serve:
Bausch & Lomb Incorporated
R/A: CT Corporation System
208 South LaSalle, Suite 814
Chicago, Illinois 60604

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 43629
Name: Law Office of Daniel E. Goodman
Atty. for: Plaintiff
Address: 1030 West Higgins, Suite 365
City/State/Zip: Park Ridge, Illinois 60068
Telephone: (847) 292-6000
Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, DEC 7 2007

Clerk of Court DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(SEAL)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

STATE OF ILLINOIS)
               ) SS
COUNTY OF C O K )

ATTY NO. 43629

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT * LAW DIVISION

JOSEPHINE ZAPALIK and SCOTT ZAPALIK, )
        Plaintiffs,           )
                              )
vs.                          ) No.:
                              )
BAUSCH & LOMB INCORPORATED, )
        Defendant.         )

2007L013693
CALENDAR/ROOM C
TIME 00:00
Product Liability

## COMPLAINT AT LAW

NOW COMES the Plaintiffs, JOSEPHINE ZAPALIK and SCOTT ZAPALIK, by and through their attorneys, LAW OFFICE OF DANIEL E. GOODMAN, who complain of the Defendant, BAUSCH & LOMB INCORPORATED, as follows:

## COUNT I
### NEGLIGENCE: JOSEPHINE ZAPALIK v. BAUSCH & LOMB INCORPORATED

For her first cause of action against the Defendant BAUSCH & LOMB INCORPORATED, the Plaintiff, JOSEPHINE ZAPALIK, states as follows:

1) On and prior to January 15, 2006, the Defendant, BAUSCH & LOMB INCORPORATED, was engaged in the business of manufacturing, selling and distributing for sale to the general public, including the Plaintiff, JOSEPHINE ZAPALIK, various contact lens care products including ReNu contact lens solution with MoistureLoc.

2) That at all relevant times herein the Defendant, BAUSCH & LOMB INCORPORATED was a corporation which conducted and continues to conduct regular and substantial business in the State of Illinois and County of Cook.

3) That the aforementioned, ReNu with MoistureLoc, was manufactured by the Defendant, BAUSCH & LOMB INCORPORATED, and sold and distributed so as to reach the ultimate user in the same condition as when it left the control of the Defendant, BAUSCH & LOMB INCORPORATED.

4) That on and/or prior to January 15, 2006, the Plaintiff, JOSEPHINE ZAPALIK, used the aforementioned product, ReNu with MoistureLoc to clean, rinse, disinfect and/or store her soft contact lenses.

1

5) That at the time the aforementioned product, ReNu with MoistureLoc, was manufactured, sold, and distributed to the general public, it was in an unreasonably dangerous and defective condition in that it contained certain impurities, foreign substances and bacteria which could not be detected by the Plaintiff, JOSEPHINE ZAPALIK and which were likely and liable to cause severe sickness and injury to human beings who used it for its customary purpose.

6) That at all times relevant hereto the Defendant, BAUSCH & LOMB INCORPORATED, had a duty to exercise reasonable care and caution in the manufacturing, distribution and sale of the aforementioned product, ReNu with MoistureLoc which was used by the Plaintiff, JOSEPHINE ZAPALIK.

7) That the Defendant, BAUSCH & LOMB INCORPORATED breached their duty to the Plaintiff, JOSEPHINE ZAPALIK, by committing one or more of the following negligent and careless acts:

    a) Carelessly and negligently, manufactured, sold and/or distributed to the general public, including the Plaintiff, JOSEPHINE ZAPALIK, the aforementioned product, which was dangerous and defective;

    b) Carelessly and negligently failed to warn those using the aforementioned product that it was likely to cause injury and/or illness when used for its customary and intended purpose;

    c) Carelessly and negligently, failed to properly test and inspect the aforementioned product to determine whether it was reasonably safe for the purpose for which it was manufactured;

    d) Carelessly and negligently manufactured, sold and/or distributed to the general public, including the Plaintiff, JOSEPHINE ZAPALIK, the aforementioned product without including a safe and/or sufficient preservative although the Defendant, knew or should have known that the product was likely to cause injury or illness to the ultimate user if it did not contain a safe and/or sufficient preservative ingredient;

    e) Carelessly and negligently failed to pull or recall the aforementioned product from stores shelves in the United States in a timely fashion despite knowledge of reported illness that resulted from use of the aforementioned product in various Asian markets;

    f) Carelessly and negligently failed to report to the United States Food and Drug Administration in a timely fashion knowledge illnesses and

injuries that resulted from use of the aforementioned product in various Asian markets;

g) Carelessly and negligently allowed the aforementioned product to remain on store shelves after acquiring knowledge that the aforementioned product was likely to cause injury and/or illness to the ultimate user.

8) As a direct and proximate result of one or more of the negligent acts or omissions of the Defendant, BAUSCH & LOMB INCORPORATED, listed above the Plaintiff, JOSEPHINE ZAPALIK, upon using the aforementioned product became seriously ill, contracted Fusariam keratitis, was permanently injured and suffered great pain and mental anguish endeavoring to be cured of her injuries and illness, and will so suffer in the future. Further, the Plaintiff, JOSEPHINE ZAPALIK, has expended large sums of money for medical care, treatment, medicines and other expenses endeavoring to cure herself. Additionally, the Plaintiff was unable to attend to her customary affairs and the usual duties, obligations and employment and will continue to be unable to attend to her customary affairs, duties, obligations and employment in the future.

WHEREFORE, the Plaintiff, JOSEPHINE ZAPALIK prays judgment against Defendant, BAUSCH & LOMB INCORPORATED in an amount greater than ($30,000.00) THIRTY THOUSAND AND 00/100 as will properly, adequately and completely compensate the Plaintiff for her injuries and damages plus the costs of this action.

## COUNT II
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY: JOSEPHINE ZAPALIK v. BAUSCH & LOMB INCORPORATED

For her second cause of action against the Defendant BAUSCH & LOMB INCORPORATED, the Plaintiff, JOSEPHINE ZAPALIK, states as follows:

1) On and prior to January 15, 2006, the Defendant, BAUSCH & LOMB INCORPORATED, was engaged in the business of manufacturing, selling and distributing for sale to the general public, including the Plaintiff, JOSEPHINE ZAPALIK, various contact lens care products including ReNu contact lens solution with MoistureLoc.

2) That at all relevant times herein the Defendant, BAUSCH & LOMB INCORPORATED was a corporation which conducted and continues to conduct regular and substantial business in the State of Illinois and County of Cook.

3) That the aforementioned, ReNu with MoistureLoc, was manufactured by the Defendant, BAUSCH & LOMB INCORPORATED, and sold and distributed so as to reach the ultimate user in the same condition as when it left the control of the Defendant, BAUSCH & LOMB INCORPORATED.

3

4) That on and/or prior to January 15, 2006, the Plaintiff, JOSEPHINE ZAPALIK, used the aforementioned product, ReNu with MoistureLoc to clean, rinse, disinfect and/or store her soft contact lenes.

5) That at the time the aforementioned product, ReNu with MoistureLoc, was manufactured, sold, and distributed to the general public, it was in an unreasonably dangerous and defective condition in that it contained certain impurities, foreign substances and bacteria which could not be detected by the Plaintiff, JOSEPHINE ZAPALIK and which were likely and liable to cause severe sickness and injury to human beings who used it for its customary purpose.

6) That at all material times, there existed in the State of Illinois the following Statute: 810 ILCS 5/2-314 which provided in relevant part:

> (1) Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contract for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.
>
> (2) Goods to be merchantable must be as least such as;
>
> (c) are fit for the ordinary purpose for which such goods are used....

7) On or prior to January 15, 2006, when the Plaintiff, JOSEPHINE ZAPALIK, acquired and used the aforementioned product, Defendant, BAUSCH & LOMB, made to Plaintiff, an implied warranty of merchantability under the common law of Illinois and pursuant to 810 ILCS 5/2-314, that the aforementioned product was merchantable and fit for its customary use of rinsing, cleaning, disinfecting and storing soft contact lenses.

8) That at the time she acquired and used the aforementioned product, Plaintiff, JOSEPHINE ZAPALIK, relied upon the aforementioned Implied Warranty.

9) As a direct and proximate result of one or more of the defects existing in the aforementioned product as mentioned above and its unreasonably dangerous condition when used for its customary purpose the Plaintiff, JOSEPHINE ZAPALIK, upon using the aforementioned product became seriously ill, contracted Fusariam keratitis, was permanently injured and suffered great pain and mental anguish endeavoring to be cured of her injuries and illness, and will so suffer in the future. Further, the Plaintiff, JOSEPHINE ZAPALIK, has expended large sums of money for medical care, treatment, medicines and other expenses endeavoring to cure herself. Additionally, the Plaintiff was unable to attend to her customary affairs and the usual duties, obligations and employment and will continue to be unable to attend to her customary affairs, duties, obligations and employment in the future.

10) As a direct and proximate result of the Defendant, BAUSCH & LOMB'S, breach of an implied warranty of merchantability under the common law of the State of Illinois and 810 ILCS

4

5/2-314, and the contaminated condition of the aforementioned product, the Plaintiff, JOSEPHINE ZAPALIK, upon using the aforementioned product became seriously ill, contracted Fusariam keratitis, was permanently injured and suffered great pain and mental anguish endeavoring to be cured of her injuries and illness, and will so suffer in the future. Further, the Plaintiff, JOSEPHINE ZAPALIK, has expended large sums of money for medical care, treatment, medicines and other expenses endeavoring to cure herself. Additionally, the Plaintiff was unable to attend to her customary affairs and the usual duties, obligations and employment and will continue to be unable to attend to her customary affairs, duties, obligations and employment in the future..

11) Timely notice was tendered to the above stated Defendant, BAUSCH & LOMB INCORPORATED, pursuant to the applicable provisions of the Uniform Commercial Code, by the filing of the instant complaint and the service of same upon the Defendant, BAUSCH & LOMB INCORPORATED.

WHEREFORE, the Plaintiff, JOSEPHINE ZAPALIK prays judgment against Defendant, BAUSCH & LOMB INCORPORATED in an amount greater than ($30,000.00) THIRTY THOUSAND AND 00/100 as will properly, adequately and completely compensate the Plaintiff for her injuries and damages plus the costs of this action.

## COUNT III
### STRICT LIABILITY: JOSEPHINE ZAPALIK v. BAUSCH & LOMB INCORPORATED

For her third cause of action against the Defendant BAUSCH & LOMB INCORPORATED, the Plaintiff, JOSEPHINE ZAPALIK, states as follows:

1) On and prior to January 15, 2006, the Defendant, BAUSCH & LOMB INCORPORATED, was engaged in the business of manufacturing, selling and distributing for sale to the general public, including the Plaintiff, JOSEPHINE ZAPALIK, various contact lens care products including ReNu contact lens solution with MoistureLoc.

2) That at all relevant times herein the Defendant, BAUSCH & LOMB INCORPORATED was a corporation which conducted and continues to conduct regular and substantial business in the State of Illinois and County of Cook.

3) That the aforementioned, ReNu with MoistureLoc, was manufactured by the Defendant, BAUSCH & LOMB INCORPORATED, and sold and distributed so as to reach the ultimate user in the same condition as when it left the control of the Defendant, BAUSCH & LOMB INCORPORATED.

4) That on and/or prior to January 15, 2006, the Plaintiff, JOSEPHINE ZAPALIK, used the aforementioned product, ReNu with MoistureLoc to clean, rinse, disinfect and/or store her soft contact lenses.

5

5) That at the time the aforementioned product, ReNu with MoistureLoc, was manufactured, sold, and distributed to the general public, it was in an unreasonably dangerous and defective condition in that it contained certain impurities, foreign substances and bacteria which could not be detected by the Plaintiff, JOSEPHINE ZAPALIK and which were likely and liable to cause severe sickness and injury to human beings who used it for its customary purpose.

6) At all times mentioned herein it was the duty of the Defendant BAUSCH & LOMB INCORPORATED to refrain from placing into the stream of commerce, products, including ReNu with Moisture Loc, which were in a dangerous condition and unreasonably defective.

7) That the Defendant BAUSCH & LOMB INCORPORATED breached its aforementioned duty when the Defendant BAUSCH & LOMB acted in one or more of the following ways:

   a) Designed and manufactured ReNu with MoistureLoc in such a manner that the product contained impurities which could not be detected by the user of the product and which would cause the user to develop an infection; and/or
   b) Placed into the stream of commerce ReNu with MoistureLoc which was designed and manufactured in such a manner that the product contained impurities which could not be detected by the user of the product and which would cause the user to develop an infection when the product was used for its customary purpose.

8) As a direct and proximate result of one or more of the defects existing in the aforementioned product as mentioned above and as a direct and proximate result of the placement of the above stated product for public usage in a defective and unsafe condition, the same being unreasonably dangerous and unfit for human usage when used by persons in the customary and intended manner, Plaintiff, JOSEPHINE ZAPALIK upon using the product on and/or before January 15, 2006, became seriously ill, contracted Fusariam keratitis, was permanently injured and suffered great pain and mental anguish endeavoring to be cured of her injuries and illness, and will so suffer in the future. Further, the Plaintiff, JOSEPHINE ZAPALIK, has expended large sums of money for medical care, treatment, medicines and other expenses endeavoring to cure herself. Additionally, the Plaintiff was unable to attend to her customary affairs and the usual duties, obligations and employment and will continue to be unable to attend to her customary affairs, duties, obligations and employment in the future..

WHEREFORE, the Plaintiff, JOSEPHINE ZAPALIK prays judgment against Defendant, BAUSCH & LOMB INCORPORATED in an amount greater than ($30,000.00) THIRTY THOUSAND AND 00/100 as will properly, adequately and completely compensate the Plaintiff for her injuries and damages plus the costs of this action.

6

## COUNT IV
## NEGLIGENCE: SCOTT ZAPALIK v. BAUSCH & LOMB INCORPORATED

For his first cause of action against the Defendant BAUSCH & LOMB INCORPORATED, the Plaintiff, SCOTT ZAPALIK, states as follows:

1) On and prior to December 23, 2005, the Defendant, BAUSCH & LOMB INCORPORATED, was engaged in the business of manufacturing, selling and distributing for sale to the general public, including the Plaintiff, SCOTT ZAPALIK, various contact lens care products including ReNu contact lens solution with MoistureLoc.

2) That at all relevant times herein the Defendant, BAUSCH & LOMB INCORPORATED was a corporation which conducted and continues to conduct regular and substantial business in the State of Illinois and County of Cook.

3) That the aforementioned, ReNu with MoistureLoc, was manufactured by the Defendant, BAUSCH & LOMB INCORPORATED, and sold and distributed so as to reach the ultimate user in the same condition as when it left the control of the Defendant, BAUSCH & LOMB INCORPORATED.

4) That on and/or prior to December 23, 2005, the Plaintiff, SCOTT ZAPALIK, used the aforementioned product, ReNu with MoistureLoc to clean, rinse, disinfect and/or store his soft contact lenses.

5) That at the time the aforementioned product, ReNu with MoistureLoc, was manufactured, sold, and distributed to the general public, it was in an unreasonably dangerous and defective condition in that it contained certain impurities, foreign substances and bacteria which could not be detected by the Plaintiff, SCOTT ZAPALIK and which were likely and liable to cause severe sickness and injury to human beings who used it for its customary purpose.

6) That at all times relevant hereto the Defendant, BAUSCH & LOMB INCORPORATED, had a duty to exercise reasonable care and caution in the manufacturing, distribution and sale of the aforementioned product, ReNu with MoistureLoc which was used by the Plaintiff, SCOTT ZAPALIK.

7) That the Defendant, BAUSCH & LOMB INCORPORATED breached their duty to the Plaintiff, SCOTT ZAPALIK, by committing one or more of the following negligent and careless acts:

    a) Carelessly and negligently, manufactured, sold and/or distributed to the general public, including the Plaintiff, SCOTT ZAPALIK, the aforementioned product, which was dangerous and defective;

b) Carelessly and negligently failed to warn those using the aforementioned product that it was likely to cause injury and/or illness when used for its customary and intended purpose;

c) Carelessly and negligently, failed to properly test and inspect the aforementioned product to determine whether it was reasonably safe for the purpose for which it was manufactured;

d) Carelessly and negligently manufactured, sold and/or distributed to the general public, including the Plaintiff, SCOTT ZAPALIK, the aforementioned product without including a safe and/or sufficient preservative although the Defendant, knew or should have known that the product was likely to cause injury or illness to the ultimate user if it did not contain a safe and/or sufficient preservative ingredient;

e) Carelessly and negligently failed to pull or recall the aforementioned product from stores shelves in the United States in a timely fashion despite knowledge of reported illness that resulted from use of the aforementioned product in various Asian markets;

f) Carelessly and negligently failed to report to the United States Food and Drug Administration in a timely fashion knowledge illnesses and injuries that resulted from use of the aforementioned product in various Asian markets;

g) Carelessly and negligently allowed the aforementioned product to remain on store shelves after acquiring knowledge that the aforementioned product was likely to cause injury and/or illness to the ultimate user.

8) As a direct and proximate result of one or more of the negligent acts or omissions of the Defendant, BAUSCH & LOMB INCORPORATED, listed above the Plaintiff, SCOTT ZAPALIK, upon using the aforementioned product became seriously ill, contracted Fusariam keratitis, was permanently injured and suffered great pain and mental anguish endeavoring to be cured of his injuries and illness, and will so suffer in the future. Further, the Plaintiff, SCOTT ZAPALIK, has expended large sums of money for medical care, treatment, medicines and other expenses endeavoring to cure himself. Additionally, the Plaintiff was unable to attend to his customary affairs and the usual duties, obligations and employment and will continue to be unable to attend to her customary affairs, duties, obligations and employment in the future.

WHEREFORE, the Plaintiff, SCOTT ZAPALIK prays judgment against Defendant, BAUSCH & LOMB INCORPORATED in an amount greater than ($30,000.00) THIRTY

THOUSAND AND 00/100 as will properly, adequately and completely compensate the Plaintiff for her injuries and damages plus the costs of this action.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY: SCOTT ZAPALIK v. BAUSCH & LOMB INCORPORATED

For his second cause of action against the Defendant BAUSCH & LOMB INCORPORATED, the Plaintiff, SCOTT ZAPALIK, states as follows:

1) On and prior to December 23, 2005, the Defendant, BAUSCH & LOMB INCORPORATED, was engaged in the business of manufacturing, selling and distributing for sale to the general public, including the Plaintiff, SCOTT ZAPALIK, various contact lens care products including ReNu contact lens solution with MoistureLoc.

2) That at all relevant times herein the Defendant, BAUSCH & LOMB INCORPORATED was a corporation which conducted and continues to conduct regular and substantial business in the State of Illinois and County of Cook.

3) That the aforementioned, ReNu with MoistureLoc, was manufactured by the Defendant, BAUSCH & LOMB INCORPORATED, and sold and distributed so as to reach the ultimate user in the same condition as when it left the control of the Defendant, BAUSCH & LOMB INCORPORATED.

4) That on and/or prior to January 15, 2006, the Plaintiff, SCOTT ZAPALIK, used the aforementioned product, ReNu with MoistureLoc to clean, rinse, disinfect and/or store his soft contact lenes.

5) That at the time the aforementioned product, ReNu with MoistureLoc, was manufactured, sold, and distributed to the general public, it was in an unreasonably dangerous and defective condition in that it contained certain impurities, foreign substances and bacteria which could not be detected by the Plaintiff, SCOTT ZAPALIK and which were likely and liable to cause severe sickness and injury to human beings who used it for its customary purpose.

6) That at all material times, there existed in the State of Illinois the following Statute: 810 ILCS 5/2-314 which provided in relevant part:

> (1) Unless excluded or modified... a warranty that the goods shall be merchantable is implied in a contract for the sale if the seller is a merchant with respect to goods of that kind. Under this Section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

9

(2) Goods to be merchantable must be as least such as;

(c) are fit for the ordinary purpose for which such goods are used....

7) On or prior to December 23, 2005, when the Plaintiff, SCOTT ZAPALIK, acquired and used the aforementioned product, Defendant, BAUSCH & LOMB, made to Plaintiff, an implied warranty of merchantability under the common law of Illinois and pursuant to 810 ILCS 5/2-314, that the aforementioned product was merchantable and fit for its customary use of rinsing, cleaning, disinfecting and storing soft contact lenses.

8) That at the time he acquired and used the aforementioned product, Plaintiff, SCOTT ZAPALIK, relied upon the aforementioned Implied Warranty.

9) As a direct and proximate result of one or more of the defects existing in the aforementioned product as mentioned above and its unreasonably dangerous condition when used for its customary purpose the Plaintiff, SCOTT ZAPALIK, upon using the aforementioned product became seriously ill, contracted Fusariam keratitis, was permanently injured and suffered great pain and mental anguish endeavoring to be cured of his injuries and illness, and will so suffer in the future. Further, the Plaintiff, SCOTT ZAPALIK, has expended large sums of money for medical care, treatment, medicines and other expenses endeavoring to cure himself. Additionally, the Plaintiff was unable to attend to his customary affairs and the usual duties, obligations and employment and will continue to be unable to attend to his customary affairs, duties, obligations and employment in the future.

10) As a direct and proximate result of the Defendant, BAUSCH & LOMB'S, breach of an implied warranty of merchantability under the common law of the State of Illinois and 810 ILCS 5/2-314, and the contaminated condition of the aforementioned product, the Plaintiff, SCOTT ZAPALIK, upon using the aforementioned product became seriously ill, contracted Fusariam keratitis, was permanently injured and suffered great pain and mental anguish endeavoring to be cured of his injuries and illness, and will so suffer in the future. Further, the Plaintiff, SCOTT ZAPALIK, has expended large sums of money for medical care, treatment, medicines and other expenses endeavoring to cure himself. Additionally, the Plaintiff was unable to attend to his customary affairs and the usual duties, obligations and employment and will continue to be unable to attend to his customary affairs, duties, obligations and employment in the future..

11) Timely notice was tendered to the above stated Defendant, BAUSCH & LOMB INCORPORATED, pursuant to the applicable provisions of the Uniform Commercial Code, by the filing of the instant complaint and the service of same upon the Defendant, BAUSCH & LOMB INCORPORATED.

WHEREFORE, the Plaintiff, SCOTT ZAPALIK prays judgment against Defendant, BAUSCH & LOMB INCORPORATED in an amount greater than ($30,000.00) THIRTY THOUSAND AND 00/100 as will properly, adequately and completely compensate the Plaintiff for her injuries and damages plus the costs of this action.

## COUNT VI
### STRICT LIABILITY: SCOTT ZAPALIK v. BAUSCH & LOMB INCORPORATED

For his third cause of action against the Defendant BAUSCH & LOMB INCORPORATED, the Plaintiff, SCOTT ZAPALIK, states as follows:

1) On and prior to December 23, 2005, the Defendant, BAUSCH & LOMB INCORPORATED, was engaged in the business of manufacturing, selling and distributing for sale to the general public, including the Plaintiff, SCOTT ZAPALIK, various contact lens care products including ReNu contact lens solution with MoistureLoc.

2) That at all relevant times herein the Defendant, BAUSCH & LOMB INCORPORATED was a corporation which conducted and continues to conduct regular and substantial business in the State of Illinois and County of Cook.

3) That the aforementioned, ReNu with MoistureLoc, was manufactured by the Defendant, BAUSCH & LOMB INCORPORATED, and sold and distributed so as to reach the ultimate user in the same condition as when it left the control of the Defendant, BAUSCH & LOMB INCORPORATED.

4) That on and/or prior to December 23, 2005, the Plaintiff, SCOTT ZAPALIK, used the aforementioned product, ReNu with MoistureLoc to clean, rinse, disinfect and/or store his soft contact lenses.

5) That at the time the aforementioned product, ReNu with MoistureLoc, was manufactured, sold, and distributed to the general public, it was in an unreasonably dangerous and defective condition in that it contained certain impurities, foreign substances and bacteria which could not be detected by the Plaintiff, SCOTT ZAPALIK and which were likely and liable to cause severe sickness and injury to human beings who used it for its customary purpose.

6) At all times mentioned herein it was the duty of the Defendant BAUSCH & LOMB INCORPORATED to refrain from placing into the stream of commerce, products, including ReNu with Moisture Loc, which were in a dangerous condition and unreasonably defective.

7) That the Defendant BAUSCH & LOMB INCORPORATED breached its aforementioned duty when the Defendant BAUSCH & LOMB acted in one or more of the following ways:

    c) Designed and manufactured ReNu with MoistureLoc in such a manner that the product contained impurities which could not be detected by the user of the

11

      product and which would cause the user to develop an infection; and/or

    d) Placed into the stream of commerce ReNu with MoistureLoc which was designed and manufactured in such a manner that the product contained impurities which could not be detected by the user of the product and which would cause the user to develop an infection when the product was used for its customary purpose.

    8) As a direct and proximate result of one or more of the defects existing in the aforementioned product as mentioned above and as a direct and proximate result of the placement of the above stated product for public usage in a defective and unsafe condition, the same being unreasonably dangerous and unfit for human usage when used by persons in the customary and intended manner, Plaintiff, SCOTT ZAPALIK upon using the product on and/or before December 23, 2005, became seriously ill, contracted Fusariam keratitis, was permanently injured and suffered great pain and mental anguish endeavoring to be cured of his injuries and illness, and will so suffer in the future. Further, the Plaintiff, SCOTT ZAPALIK, has expended large sums of money for medical care, treatment, medicines and other expenses endeavoring to cure himself. Additionally, the Plaintiff was unable to attend to his customary affairs and the usual duties, obligations and employment and will continue to be unable to attend to his customary affairs, duties, obligations and employment in the future..

    WHEREFORE, the Plaintiff, SCOTT ZAPALIK prays judgment against Defendant, BAUSCH & LOMB INCORPORATED in an amount greater than ($30,000.00) THIRTY THOUSAND AND 00/100 as will properly, adequately and completely compensate the Plaintiff for his injuries and damages plus the costs of this action.

                                                          SCOTT L. SPIEGEL
                                                          ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD, SUITE #365
PARK RIDGE, IL 60068
847/ 292-6000