THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPHINE ZAPALIK and SCOTT ZAPALIK, )
)
)
Plaintiffs, )
) No.   08 C 295
v. )
) JUDGE SHADUR
BAUSCH & LOMB INCORPORATED, )
) MAGISTRATE JUDGE ASHMAN
Defendant. )

## ANSWER AND AFFIRMATIVE DEFENSES OF BAUSCH & LOMB INCORPORATED TO PLAINTIFFS' COMPLAINT

Defendant Bausch & Lomb Incorporated ("Bausch & Lomb"), for its Answer to Plaintiff's Complaint ("Complaint"), states as follows:

### COUNT I
### NEGLIGENCE: JOSEPHINE ZAPALIK v. BAUSCH & LOMB INCORPORATED

1. Bausch & Lomb admits that it manufactured, sold and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb further admits that ReNu® with MoistureLoc® was introduced into the United States market in the third quarter of 2004.

2. Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York. Bausch & Lomb further admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, subject to the indications, precautions, warnings, and contraindications contained therein, and that ReNu® with MoistureLoc® was sold in the State of Illinois.

1

3. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. Bausch & Lomb denies the allegations in paragraph 5 of the Complaint.

6. Bausch & Lomb states that paragraph 6 of the Complaint contains legal conclusions to which no response is required. Bausch & Lomb admits only to those duties as are imposed by law, and denies all remaining allegations in paragraph 6 of the Complaint.

7. Bausch & Lomb denies the allegations in paragraph 7 of the Complaint and specifically denies (a) through (g), inclusively thereof.

8. Bausch & Lomb denies the allegations in paragraph 8 of the Complaint.

WHEREFORE, Bausch & Lomb denies that plaintiff is entitled to any relief whatsoever.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY: JOSEPHINE ZAPALIK v. BAUSCH & LOMB INCORPORATED

1. Bausch & Lomb admits that it manufactured, sold and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb further admits that ReNu® with MoistureLoc® was introduced into the United States market in the third quarter of 2004.

2. Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York. Bausch & Lomb further admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, subject to the

indications, precautions, warnings, and contraindications contained therein, and that ReNu® with MoistureLoc® was sold in the State of Illinois.

3. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. Bausch & Lomb denies the allegations in paragraph 5 of the Complaint.

6. Bausch & Lomb states that paragraph 6 of the Complaint contains legal conclusions to which no response is required. Should a response be deemed required, Bausch & Lomb denies the allegations in paragraph 6 of the Complaint.

7. Bausch & Lomb denies the allegations in paragraph 7 of the Complaint.

8. Bausch & Lomb denies the allegations in paragraph 8 of the Complaint.

9. Bausch & Lomb denies the allegations in paragraph 9 of the Complaint.

10. Bausch & Lomb denies the allegations in paragraph 10 of the Complaint.

11. Bausch & Lomb states that paragraph 11 of the Complaint contains legal conclusions to which no response is required. Should a response be deemed required, Bausch & Lomb denies the allegations in paragraph 11 of the Complaint.

WHEREFORE, Bausch & Lomb denies that plaintiff is entitled to any relief whatsoever.

## COUNT III
### STRICT LIABILITY: JOSEPHINE ZAPALIK v. BAUSCH & LOMB INCORPORATED

1. Bausch & Lomb admits that it manufactured, sold and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb further admits that ReNu® with MoistureLoc® was introduced into the United States market in the third quarter of 2004.

2. Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York. Bausch & Lomb further admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, subject to the indications, precautions, warnings, and contraindications contained therein, and that ReNu® with MoistureLoc® was sold in the State of Illinois.

3. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. Bausch & Lomb denies the allegations in paragraph 5 of the Complaint.

6. Bausch & Lomb states that paragraph 6 of the Complaint contains legal conclusions to which no response is required. Bausch & Lomb admits only to those duties as are imposed by law, and denies all remaining allegations in paragraph 6 of the Complaint.

7. Bausch & Lomb denies the allegations in paragraph 7 of the Complaint and specifically denies (a) and (b), inclusively thereof.

8. Bausch & Lomb denies the allegations in paragraph 8 of the Complaint.

WHEREFORE, Bausch & Lomb denies that plaintiff is entitled to any relief whatsoever.

## COUNT IV
## NEGLIGENCE: SCOTT ZAPALIK v. BAUSCH & LOMB INCORPORATED

1. Bausch & Lomb admits that it manufactured, sold and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb

further admits that ReNu® with MoistureLoc® was introduced into the United States market in the third quarter of 2004.

2. Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York. Bausch & Lomb further admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, subject to the indications, precautions, warnings, and contraindications contained therein, and that ReNu® with MoistureLoc® was sold in the State of Illinois.

3. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. Bausch & Lomb denies the allegations in paragraph 5 of the Complaint.

6. Bausch & Lomb states that paragraph 6 of the Complaint contains legal conclusions to which no response is required. Bausch & Lomb admits only to those duties as are imposed by law, and denies all remaining allegations in paragraph 6 of the Complaint.

7. Bausch & Lomb denies the allegations in paragraph 7 of the Complaint and specifically denies (a) through (g), inclusively thereof.

8. Bausch & Lomb denies the allegations in paragraph 8 of the Complaint.

WHEREFORE, Bausch & Lomb denies that plaintiff is entitled to any relief whatsoever.

## COUNT V
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY: SCOTT ZAPALIK v. BAUSCH & LOMB INCORPORATED

1. Bausch & Lomb admits that it manufactured, sold and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb further admits that ReNu® with MoistureLoc® was introduced into the United States market in the third quarter of 2004.

2. Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York. Bausch & Lomb further admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, subject to the indications, precautions, warnings, and contraindications contained therein, and that ReNu® with MoistureLoc® was sold in the State of Illinois.

3. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. Bausch & Lomb denies the allegations in paragraph 5 of the Complaint.

6. Bausch & Lomb states that paragraph 6 of the Complaint contains legal conclusions to which no response is required. Should a response be deemed required, Bausch & Lomb denies the allegations in paragraph 6 of the Complaint.

7. Bausch & Lomb denies the allegations in paragraph 7 of the Complaint.

8. Bausch & Lomb denies the allegations in paragraph 8 of the Complaint.

9. Bausch & Lomb denies the allegations in paragraph 9 of the Complaint.

10. Bausch & Lomb denies the allegations in paragraph 10 of the Complaint.

11. Bausch & Lomb states that paragraph 11 of the Complaint contains legal conclusions to which no response is required. Should a response be deemed required, Bausch & Lomb denies the allegations in paragraph 11 of the Complaint.

WHEREFORE, Bausch & Lomb denies that plaintiff is entitled to any relief whatsoever.

## COUNT VI
### STRICT LIABILITY: SCOTT ZAPALIK v. BAUSCH & LOMB INCORPORATED

1. Bausch & Lomb admits that it manufactured, sold and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb further admits that ReNu® with MoistureLoc® was introduced into the United States market in the third quarter of 2004.

2. Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York. Bausch & Lomb further admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, subject to the indications, precautions, warnings, and contraindications contained therein, and that ReNu® with MoistureLoc® was sold in the State of Illinois.

3. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. Bausch & Lomb denies the allegations in paragraph 5 of the Complaint.

6. Bausch & Lomb states that paragraph 6 of the Complaint contains legal conclusions to which no response is required. Bausch & Lomb admits only to those duties as are imposed by law, and denies all remaining allegations in paragraph 6 of the Complaint.

7. Bausch & Lomb denies the allegations in paragraph 7 of the Complaint and specifically denies (c) through (d), inclusively thereof.

8. Bausch & Lomb denies the allegations in paragraph 8 of the Complaint.

WHEREFORE, Bausch & Lomb denies that plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Bausch & Lomb demands a trial by jury as to all issues so triable.

## PREAMBLE TO AFFIRMATIVE DEFENSES

Bausch & Lomb reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted against Bausch & Lomb.

2. Bausch & Lomb states that the contact lens solution that it designs, manufactures, and distributes is free from all defects at the time it leaves the care, custody, and control of Bausch & Lomb and is reasonably fit for its intended and reasonably anticipated use and was marketed with adequate and sufficient warnings.

3. All contact lens solution that is designed, manufactured, and distributed by Bausch & Lomb meets all applicable Food and Drug Administration standards.

4. If Bausch & Lomb is deemed to be the manufacturer of the subject contact lens solution, either factually or legally, then Bausch & Lomb would show at the time the contact lens

solution left its care, custody, and control, Bausch & Lomb did not know and, in light of then-existing, reasonably available scientific and technological knowledge, could not have known of the design characteristic that allegedly caused Plaintiffs' loss and/or damage or the danger of such characteristic, nor could Bausch & Lomb have known of any alternative design that may be identified by Plaintiffs.

5. The contact lens solution of Plaintiffs complied with state-of-the-art technology at the time of manufacture and at the time of original retail sale.

6. Plaintiffs lack standing to assert claims under the Complaint because they have alleged no cognizable injury.

7. The claims of Plaintiffs are barred, in whole or in part, by the economic loss doctrine.

8. The claims of Plaintiffs may be barred, in whole or in part, by the doctrine of assumption of risk.

9. The claims of Plaintiffs may be barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

10. The claims of Plaintiffs may be barred, in whole or in part, by Plaintiff's failure to mitigate damages.

11. The claims of Plaintiffs may be barred, in whole or in part, because the manufacturing, labeling, packaging, and advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state and any agency thereof.

12. The claims of Plaintiffs may be barred because Plaintiff lacks privity with Bausch & Lomb and/or failed to provide the requisite and/or timely notice to Bausch & Lomb of any claimed breach of warranty.

13. Plaintiffs may have misused the contact lens solution involved in this case.

14. There is no causal relationship between Bausch & Lomb's conduct and the injuries and damages alleged by Plaintiffs in the Complaint.

15. The claims of Plaintiffs may be barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

16. The claims of Plaintiffs may be barred, in whole or in part, from recovery on the grounds that they are subject to the defense of accord and satisfaction.

17. The claims of Plaintiffs may be barred, in whole or in part, from recovery on the grounds that Bausch & Lomb has discharged its obligations to Plaintiffs.

18. The claims of Plaintiffs may be barred, in whole or in part, from recovery by the doctrine of unclean hands.

19. The claims of Plaintiffs may be barred, in whole or in part, from recovery due to spoliation of evidence.

20. The claims of Plaintiffs may be barred, in whole or in part, because the advertisements, if any, and labeling with respect to the product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

21. The claims of Plaintiffs are preempted, in whole or in part, by federal law.

22. To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Bausch & Lomb's rights under the United States Constitution and analogous provisions of the Illinois Constitution.

23. To the extent that Plaintiffs seek punitive damages, without qualification or limitation, this claim violates Bausch & Lomb's due process under the United States Constitution and similar provisions of the Constitution, law and public policy of Illinois.

24. Plaintiffs are not entitled to punitive damages against Bausch & Lomb pursuant to the facts as alleged in the Complaint.

25. Imposition of punitive damages against Bausch & Lomb in this case would contravene the Commerce Clause of the United States Constitution in that such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

26. Plaintiffs' claim for punitive damages cannot be sustained to the extent it seeks to punish Bausch & Lomb for alleged harm to non-parties and/or persons who are not before the Court. Imposition of punitive damages under such circumstances would violate Bausch & Lomb's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Bausch & Lomb's due process and equal protection rights under cognate provisions of the Illinois Constitution, and would be improper under the common law and public policies of the United States and State of Illinois.

27. Losses, if any, to Plaintiffs are subject to an offset for benefits received by Plaintiffs resulting from the alleged use of ReNu® with MoistureLoc®.

28. The claims of Plaintiffs may be barred, in whole or in part, from recovery by Plaintiffs' misuse and/or abuse of the allegedly defective contact lens solution, and/or by Plaintiffs' otherwise contributorily or comparatively negligent conduct.

29. The claims of Plaintiffs may be barred, in whole or in part, as a result of any alteration made in the allegedly defective contact lens solution.

30. The claims of Plaintiffs may be barred, in whole or in part, from recovery because the alleged problems in the contact lens solution involved an intervening cause or was attributable, in whole or in part, to a cause other than the contact lens solution defect alleged in the Complaint.

31. Bausch & Lomb is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs with any other defendant or other person or entity.

32. The claims asserted in the Complaint are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comments j & k.

33. This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to labeling by the FDA.

34. Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention, in that the common law gives deference to discretionary actions by the United States Food and Drug Administration pursuant to the Food, Drug and Cosmetic Act, and the Medical Device Amendments thereto.

35. The claims asserted in the Complaint are barred as a matter of law pursuant to Restatement (Third) of Torts: Product Liability § 4, *et seq.*, because ReNu® with MoistureLoc® complied with applicable product safety statutes and administrative regulations.

36. Plaintiffs may be barred, in whole or in part, from recovery due to res judicata, collateral estoppel, or by release of claims.

37. The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, are the result of Plaintiffs' own idiosyncratic or allergic reaction(s) to ReNu® with MoistureLoc® for which Bausch & Lomb cannot be held responsible.

38. Plaintiffs' claims should be dismissed and or transferred due to improper and/or inconvenient venue.

WHEREFORE, Bausch & Lomb prays that the Court determine and adjudge:

(a) that the Complaint, and all claims alleged therein, be dismissed with prejudice,

(b) that Bausch & Lomb be awarded the costs, disbursements and attorneys' fees incurred in the defense of this action, and

(c) that Bausch & Lomb be awarded such other and further relief as the Court may deem proper.

Respectfully submitted,

s/ Peter A. Tomaras
One of the Attorneys for Defendant

Peter A. Tomaras (No. 6180423)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
(312) 201-2000

Jon Strongman
Shook Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105
(816) 474-6550

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 28th day of January, 2008, a copy of the foregoing Answer and Affirmative Defenses Bausch & Lomb Incorporated to Plaintiffs' Complaint, was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system and mailed, first-class, postage prepaid to counsel for the Plaintiffs:

Scott L. Spiegel
Law Office of Daniel E. Goodman
1030 West Higgins, Suite 365
Park Ridge, IL  60068


By     s/ Peter A. Tomaras