```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

|  |  |  |
|---|---|---|
| JOSEPHINE ZAPALIK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  08 C 295 |
| | ) | |
| BAUSCH & LOMB INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Bausch & Lomb Incorporated ("Bausch & Lomb"), defendant in this action stemming from alleged injuries assertedly attributable to its ReNu eye product,[1] has timely removed the action from the Circuit Court of Cook County to this District Court on diversity of citizenship grounds.  Even though the case may well be transferred out of this judicial district as a tagalong action under the auspices of the MDL Panel, there is no justification for the failure of Bausch & Lomb's counsel to have complied with a number of provisions that are incumbent on all responsive pleaders.  This memorandum order is accordingly issued sua sponte to require Bausch & Lomb's counsel to clean up their act.

To begin with, the Answer portion of the responsive pleading does not comply with this District Court's LR 10.1.  That rule's requirement has an obvious goal of convenience, enabling the

---

[1] This case is one of a very large number of actions around the country asserting like claims, so that the MDL Panel has acted to center them in a single District Court.

reader to see just what is and what is not being put into issue by defendant without the judge's having to flip back and forth between two different pleadings--and in this instance the level of inconvenience introduced by such noncompliance is particularly annoying.

Although LR 10.1 is of course part of every practitioner's compulsory reading in this District Court, the same cannot be said of the Appendix to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001), which was published to address recurrent pleading "sins" (perhaps venial rather than mortal) that are too frequently committed by defense counsel. This case, however, demonstrates why this Court's website expressly refers to <u>State Farm</u> and urges counsel to be familiar with it (when Bausch & Lomb filed its pleading, its counsel was aware that the removed action had been assigned to this Court's calendar.

There are three problems with the current Answer and Affirmative Defenses ("ADs"). Here they are:

> 1. Although Bausch & Lomb's counsel faithfully recites the correct criteria for getting the benefit of a deemed denial under the second sentence of Fed. R. Civ. P. ("Rule") 8(b), those disclaimers then inexplicably continue with the phrase "and therefore denies the same" (Count I ¶4 and Paragraphs 3 and 4 of each of Counts II, III, IV V and VI).

That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in the same objective good faith that is required by Rule 11(b)?  Accordingly the quoted phrase must be omitted from each of those paragraphs in the Amended Answer referred to hereafter.

    2.  Paragraph 6 of the answer to each of the Complaint's six counts, as well as Count II ¶11 and Count V ¶11, impermissibly assert that the corresponding allegations of the Complaint "contain[ ] legal conclusions to which no response is required"--see App. ¶2 to State Farm.  That is of course not so, and Bausch & Lomb's counsel compound the error by occasionally adding that it "admits only to those duties as are imposed by law"--a singularly uninformatI've response that may not be repeated in the revised pleading ultimately ordered here.

    3.  When it comes to ADs, as to which Bausch & Lomb's counsel are referred to App. ¶5 to State Farm, it just will not do to adopt the kitchen-sink approach under which Bausch & Lomb's counsel have thrown in a passel of no fewer than 38 (!!) ADs.  When counsel return to the drawing board, careful consideration must be given to the point made in State Farm's App. ¶5 that any assertion that is at odds with

the allegations in a complaint does not constitute a proper AD.  In addition, any assertions that plaintiffs' claims "may be barred" and other purely hypothetical (and premature) ADs are not properly asserted at the outset (without prejudice, of course, to their possible advancement as and when further development in the case may show that there really are such ADs).  Lastly, to the extent that Bausch & Lomb really seeks to pursue legitimate ADs, it should pursue them by prompt motion rather than simply setting them out as potential booby traps in the litigation.

As is evident from this memorandum order, the entire Answer and ADs must be and are stricken, but with leave of course granted to file a self-contained proper responsive pleading on or before February 12, 2008.  Because what is reflected here represents errors by counsel rather than anything ascribable to the client, no charge is to be made to Bausch & Lomb by its counsel for the added work and expense incurred in correcting counsel's errors.  Bausch & Lomb's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:   January 30, 2008