THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPHINE ZAPALIK and SCOTT ZAPALIK, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  08 C 295 |
| BAUSCH & LOMB INCORPORATED, | ) ) | Judge Milton I. Shadur |
| Defendant. | ) | Mag. Judge C. Ashman |

**PLAINTIFFS' MOTION TO REMAND**

NOW COME, the plaintiffs, Josephine Zapalik and Scott Zapalik (hereafter "Plaintiffs"), by and through their undersigned counsel, and move the court to remand this case to the Circuit Court of Cook County, Illinois for the following reasons:

1. On December 7, 2007, Plaintiffs commenced their action against Bausch & Lomb Incorporated (hereafter "Bausch & Lomb") by filing a Complaint in the Circuit Court of Cook County, County Department, Law Division, Case No. 07 L 013693.

2. The Complaint was served on the defendant, Bausch & Lomb on December 20, 2007.

3. On January 14, 2008, the defendant, Bausch & Lomb its Notice of Removal in this court.

4. Defendant bases its Notice of Removal on the civil action on allegations of diversity jurisdiction.

5. Removal based upon diversity jurisdiction in this case is inappropriate because there is not complete diversity among the parties if Plaintiffs' Motion to Amend Complaint is granted given that the Plaintiffs' purchased the Renu with MoistureLoc (the defective product involved in this case) at a Walgreen & Co. store and the court is being simultaneously requested to allow Plaintiffs' proposed First Amended Complaint to add Walgreen & Co. as an additional party defendant before this matter is transferred to MDL-1785 in the United States District Court, District of South Carolina pursuant a Conditional Transfer Order anticipated to be issued by the JPML.

6. Walgreen is a domestic corporation and as such is a citizen of the state of Illinois. As a consequence, upon the filing of Plaintiffs' First Amended Complaint, if the same is permitted by the court there will no longer be complete diversity citizenship between the parties and, therefore, there will not be complete diversity necessary to support removal of this case.

7. The defendant has the burden of proving that removal is appropriate and ultimately that burden cannot be met in this case. If leave is granted to Plaintiffs to amend their complaint to add Walgreen & Co., an Illinois corporation, the court will no longer have subject matter jurisdiction over the present case.

8. Plaintiffs file contemporaneously herewith their Memorandum in Support of Plaintiffs' Motion to Remand.

WHEREFORE, the plaintiffs' respectfully request this court remand the above case to the Circuit Court of Cook County, Illinois, County Department, Law Division pursuant to 28 USC Sec. 1447(c).

Dated: February 12, 2008    Respectfully submitted,

GARY D. McCALLISTER & ASSOCIATES, LLC


By: _s/_ Gary D. McCallister_____
Gary D. McCallister
*One of the Attorneys for Plaintiffs*

GARY D. McCALLISTER & ASSOCIATES, LLC
120 N. LaSalle St., Suite 2800
Chicago, Illinois 60602
(312) 345-0611
(312) 345-0612 (Fax)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO REMAND** was served this 12th day of February, 2008 on the following via the Court's electronic filing system:

    Peter A. Tomaras
    WILDMAN, HARROLD, ALLEN & DIXON LLP
    225 W. Wacker Drive, Suite 2800
    Chicago, Illinois 60606

                                              s/    Gary D. McCallister
                                                  Gary D. McCallister
                                                  *One of the Attorneys for Plaintiffs*

Gary D. McCallister & Associates, LLC
120 North LaSalle Street, Suite 2800
Chicago, IL 60602
(312) 345-0611
(312) 345-0612 (Fax)